IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KLAPROTH LAW PLLC
2141 Wisconsin Ave NW
Suite M3
Washington, DC 20007

    Plaintiff,

  v.

ADRIEL FELISE SANDERS
15 Riverwood Estates Blvd.
Florissant, Missouri 63031

    Defendant.

Case No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Klaproth Law PLLC ("Klaproth Law") hereby brings this declaratory judgment action against its former client, Adriel Felise Sanders ("Client"), seeking an order permitting Klaproth Law to release its earned attorney's fees being held in escrow. This declaratory action is brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000. In addition, Plaintiff and Defendant are citizens of different states. Klaproth Law PLLC is a citizen of Pennsylvania and Virginia. Client is a citizen of Missouri.

2. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-423(a)(1)-(4).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Venue is also proper as Plaintiff's claims involve one or more common questions of fact that arise from Defendant's conduct occurring in Washington, D.C.

## PARTIES

4. Klaproth Law is a law firm with its principal place of business located in the District of Columbia. Klaproth Law represented Adriel Sanders from July 14, 2019 until March 12, 2020.

5. Adriel Sanders is an individual believed to be residing in Missouri and to be a citizen of Missouri. At all times relevant to this Complaint, Client resided in the District of Columbia.

## FACTS[1]

6. This is a straight-forward matter. Client retained Klaproth Law to pursue claims against a "Company Defendant."[2] Under the written representation agreement between Klaproth Law and Client, Client agreed to pay Klaproth Law a contingency fee.

7. On December 9, 2019, Klaproth Law earned its attorney fees. Klaproth Law successfully represented Client in her claims against the Company Defendant. At all times relevant, Klaproth Law provided its legal services in a professional and competent manner, as

---

[1] To ensure compliance with D.C. Rule of Professional Conduct 1.6(e)(5), Plaintiff is only disclosing facts to the minimum extent necessary at this pleading stage. In the event Defendant files a motion to dismiss, Plaintiff will amend this Complaint to amplify its pleadings as necessary to ensure it meets the minimum pleading requirements set forth by *Iqbal/Twombly* and to address any pleading deficiencies alleged by Defendant.

[2] Again, to comply with D.C. Rule of Professional Conduct 1.6(e)(5), Klaproth Law will refer to Client's claims as being against "Company Defendant."

demonstrated by the excellent result obtained on behalf of Client.

8. On January 17, 2020, Client signed an agreement wherein she agreed: (1) to the amount of attorney's fees earned by Klaproth Law and (2) that the attorney's fees were to be paid directly by the Company Defendant to Klaproth Law.

9. Only after Klaproth Law's attorney fees were earned, after Client agreed in writing as to Klaproth Law's attorney fee, and after Client agreed that Company Defendant was to pay Klaproth Law's attorney's fee directly to Klaproth Law, Client stated that she was "disputing [Klaproth Law's] entire fee."

10. Klaproth Law seeks a declaratory order and judgment that authorizes Klaproth Law to release the earned attorney fees currently held in escrow.

## COUNT I
## Declaratory Order and Judgment Releasing Attorney Fees

11. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

12. On July 14, 2019, Client signed a representation agreement with Klaproth Law PLLC agreeing to pay Klaproth Law a contingency fee.

13. On December 9, 2019, Klaproth Law earned its attorney's fees.

14. On January 17, 2020, Client signed a written agreement wherein she agreed to the amount of Klaproth Law's attorney fees and agreed that the fees were to be paid directly by the Company Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Klaproth Law PLLC respectfully seeks a declaratory judgment: (1) enforcing the Representation Agreement and the January 17, 2020 written agreement wherein Client agreed to pay Klaproth Law PLLC attorney fees; (2) ordering that Klaproth Law PLLC

may release the attorney fees from its IOLTA account; and (3) awarding any further equitable or legal relief that the Court deems appropriate.

>Respectfully submitted,
>
>KLAPROTH LAW PLLC
>
>*/s/ Brendan Klaproth*
>Brendan Klaproth (D.C. Bar No. 999360)
>Jesse C. Klaproth (D.C. Bar No. PA0063)
>2141 Wisconsin Ave NW
>Suite M3
>Washington, DC 20007
>Telephone: 202-618-2344
>Email: Bklaproth@klaprothlaw.com
>*Attorneys for Plaintiff*